IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LARRY GLENN ALLEN, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 9:09CV100 |
| FORD MOTOR COMPANY, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

On September 16, 2010, the undersigned conducted a hearing to consider the following motions: Defendant Ford Motor Company's Motion to Exclude Testimony of Steve Syson (document #67), Defendant Ford Motor Company's Motion to Exclude Testimony of Carley Ward (document #70), Defendant TRW Vehicle Safety System, Inc.'s Motion to Strike Expert Testimony of Carley Ward (document #71), and Defendant TRW Vehicle Safety System, Inc.'s Motion to Strike Expert Testimony of Steve Syson (document #75). At the hearing, the undersigned heard arguments from counsel and denied the motions for the reasons set forth below.

*Applicable Law*

Pursuant to FRE 702, an expert may testify as an expert by knowledge, skill, experience, training, or education if scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or to determine a fact in issue. FRE 702 requires:

1) the testimony must be based upon sufficient facts or data;
2) the testimony must be the product of reliable principles and methods; and
3) the expert must apply those principles and methods reliably to the facts of the case.

Rule 702 is broadly interpreted, and helpfulness to the trier of fact is its "touchstone." *Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir.1993)* (*citing Friendship Heights Associates v. Koubek*, 785 F.2d 1154,

1159 (4th Cir.1986)). Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror. *Id.* (*citing Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir.1990)).

In *Daubert*,[1] the Supreme Court recognized that the trial judge has a gate-keeping role to ensure that expert testimony is relevant and reliable. The Court espoused five non-exclusive, flexible factors that may be considered in deciding whether a proposed expert's methodology is scientifically valid or reliable:

(1) whether the expert's theory can be or has been tested,
(2) whether the theory has been subject to peer review and publication,
(3) the known or potential rate of error of the technique or theory when applied,
(4) the existence and maintenance of standards and controls, and
(5) the degree to which technique or theory has been generally accepted in the scientific community.

*Daubert*, 509 U.S. at 593-95. The Court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. The *Daubert* factors are not mandatory or exclusive; a court must decide whether the *Daubert* factors are appropriate, use them as a starting point and then ascertain if other factors should be considered. *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir.2007). To be admissible, an expert's opinion must be based on sufficient facts and a reliable methodology. *Id.*

In *Kumho Tire*,[2] the Supreme Court applied the *Daubert* principles to technical or specialized expert testimony. The Court explained that the overarching goal of *Daubert's* gate-keeping

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

[2] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999).

2

requirement is to "ensure the reliability and relevancy of expert testimony. It is to make certain an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 119 S.Ct. at 1176. A trial court has the discretion to exclude expert testimony if there is an "analytical gap" between the expert's reasoning and the conclusion. *General Electric Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512 (1997).

After a court considers the *Daubert* factors, a court may then consider whether other factors, not mentioned in *Daubert*, are relevant to the case at hand. *Black v. Food Lion, Inc.*, 171 F.3d 308, 312 (5th Cir.1999). "The proponent [of the expert testimony] need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).

*Steve Syson*

This is a products liability case concerning a roll over automobile accident that occurred on July 16, 2008 involving a 2003 Ford Focus station wagon. Plaintiff Temple Carpenter was driving the vehicle and Bertress Allen was seated in the back of the car with two children, Garrett and Gage Bussey. Bertress Allen was in the right rear seat. Mr. Carpenter's vehicle was struck by another vehicle, causing the Ford Focus to roll over several times and land on the median. Bertress Allen was ejected from the vehicle. She died on the way to the hospital. Plaintiffs assert that Bertress Allen's seatbelt was buckled at the time of the accident and that her ejection from the vehicle resulted from a seatbelt design defect.

On May 3, 2010, Steve Syson, an expert in the field of automotive design analysis engineering, submitted a Fed.R.Civ.P. 26(a)(2)(B) report with his analysis of the subject collision.

3

He states that he was asked to determine whether a defect existed in this 2003 Ford Focus, or if an action or inaction on the part of TRW, the component supplier, caused or contributed to the fatal injuries to Mrs. Allen in this collision. His safety belt buckle analysis included examination of the vehicle and restraint systems, the accident report and scene video, photographs, and the death certificate.

To test the defense hypothesis that Mrs. Allen was not belted at the time of the crash and to examine possible alternative explanations for Mrs. Allen's ejection from the vehicle, Mr. Syson performed the following engineering steps: (1) a detailed macroscopic study of physical evidence; (2) an examination of documents regarding similar incidents and claims; (3) a review of technical drawings and patents for subject buckle design; (4) an inspection of other buckles both similar to and differing from subject TRW buckle; (5) testing of alternative and similar buckles, using standard safety belt buckle test procedures; (6) a review of research materials regarding buckle design; (7) a review of information regarding NHTSA investigations of this and other end-release safety belt buckle failures, including the Ford Taurus "service action," and the GM "620" analysis; (8) a review of computer modeling of buckle release; and (9) a review of documents from other cases, including Blakovich, Wiitala, Russell, Skrdia, Liebold, Roper, Pressley, Dalpe, Warner and Manos. Mr. Syson concluded that Mrs. Allen was belted and that the safety belt restraint system was defective. Mr. Syson opined that the safety belt restraint system was defective because the latch plate separated from the buckle, without being overloaded.

The parties agree that Mr. Syson is a qualified expert in automotive design engineering based upon his education and experience. Mr. Syson has many years of experience as an engineer working in, and testifying against, the automobile industry. His background and experience includes design

4

experience and testing experience. Mr. Syson evaluated the subject accident using his body of education, training and experience, including evaluations of crash tests. Defendants assert, however, that Mr. Syson's opinions are not reliable because he offers an alternative defect theory that is inconsistent with his primary theory, he did not independently test his theory and there are distinguishing circumstances surrounding the tests relied upon by Mr. Syson.

Having carefully considered the pleadings and arguments of counsel, I conclude that Stephen Syson's testimony will assist the trier-of-fact as required by Fed.R.Evid. 702. Defendants' challenges to Mr. Syson's opinion go to the weight of his opinion and may be developed through cross-examination, leaving the determination of his credibility to the trier-of-fact. I further conclude that Stephen Syson is qualified to testify as an expert in this case and that Plaintiffs have shown his testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. I find that his opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case.

*Dr. Carley Ward*

Dr. Ward is a biomechanical engineer. The parties agree that Dr. Ward's education and experience qualifies her as an expert in the field of biomechanical engineering. The methodology utilized for Dr. Ward's investigation included review of Mrs. Allen's medical records, identifying the injuries Mrs. Allen sustained, identifying the direction and magnitude of forces required to produce those injuries, reviewing available documents related to vehicle motion and acceleration in the event, a vehicle inspection, inspection of the restraint systems for damage and witness marks, determination of occupant kinematics based on the vehicle motion and the inspections, evaluating

5

various hypotheses as to how Mrs. Allen received her injuries, utilizing already established injury mechanisms and kinematics to test the hypotheses, establishing the injury causation and identifying conditions that could have, if they existed, prevented or lessened the injuries. Dr. Ward reviewed police reports and witness statements, in addition to medical records and photographs from the accident scene. Her analysis included determinations as to vehicle damage, accident reconstruction, occupant kinematics and injury analysis. Dr. Ward opined that Mrs. Allen was belted in the right rear passenger seat, as confirmed by marks on her body and the belt. Dr. Ward concluded that Mrs. Allen was ejected through the right rear door window and received her fatal injuries as a result of ground contact from either partial ejection due to the roof deformation or upon her complete ejection from the Ford Focus.

At the hearing, it became clear that Defendants' primary objection to Dr. Ward's opinion was based upon deposition testimony in which she allegedly stated that it was equally possible that Mrs. Allen could have received her fatal injury while still in the vehicle and restrained as it is that she received her fatal injury from ground contact after ejection. Plaintiffs responded that the statement was taken out of context and presented an affidavit from Dr. Ward that clarifies her opinion that Mrs. Allen's death was caused by a fatal head injury following ejection from the vehicle. The affidavit is a permissible clarification of Dr. Ward's opinion. An affidavit may be appropriate to clarify confusion stemming from a challenged expert witness' deposition testimony. *See, e.g., [Prepaid Wireless Services, Inc., v. Southwestern Bell Wireless, 2002 WL 34367328 (S.D.Tex. July 23, 2002)](#)*. To the extent Defendants complain that Dr. Ward relies upon testimony from the undertaker, Mr. LaFleur, concerning marks on the body and the opinion of Steve Syson as to his opinion regarding the seat belt, Defendants may cross-examine these witnesses at trial.

I conclude that the testimony of Dr. Carley Ward will assist the trier of fact. I further conclude that Dr. Carley Ward is qualified to testify as an expert in this case and that Plaintiffs have shown her testimony to be sufficiently reliable as required by *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) and F.R.E. 702. I find that Dr. Ward's opinion is based upon sufficient facts or data, is the product of reliable principles and methods and is the result of applying those principles and methods reliably to the facts of the case. It is therefore

**ORDERED** that Defendant Ford Motor Company's Motion to Exclude Testimony of Steve Syson (document #67), Defendant Ford Motor Company's Motion to Exclude Testimony of Carley Ward (document #70), Defendant TRW Vehicle Safety System, Inc.'s Motion to Strike Expert Testimony of Carley Ward (document #71), and Defendant TRW Vehicle Safety System, Inc.'s Motion to Strike Expert Testimony of Steve Syson (document #75) are **DENIED**.

So **ORDERED** and **SIGNED** this **23** day of **September, 2010.**

---
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE